DECISION
This matter comes before the Court on the appeal of Joseph otroneo ("Appellant") from a decision of the Narragansett Town Council ("Town") denying Appellant's application for renewal of his private detective license. The Town initially denied Appellant's application at a Town Council meeting on May 1, 2006. Appellant appealed the Town's decision and hearings were held on July 17, 2006 and August 7, 2006. The Town upheld its initial denial in a written decision dated August 9, 2006. Appellant timely filed this appeal on August 22, 2006. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Facts and Travel
Prior to the events giving rise to this appeal, Appellant had been a licensed private detective for the past thirteen years. On February 8, 2006, Appellant applied to the Town for renewal of his private detective license as required by state law. See G.L. 1956 § 5-5-8 (stating that a private detective license expires one year from the date of issuance and may be renewed by application to the local licensing authority). Appellant indicated on his application that he was licensed to carry firearms in Rhode Island. He also stated that *Page 2 
he had not been "arrested for criminal charges" within the five years preceding the date of his renewal application.
As part of the license renewal process, the Town conducted a criminal background check of Appellant. In a letter dated February 24, 2006, the Chief of Police of Narragansett, J. David Smith, informed the Town that on November 7, 2005, Appellant had been arrested and charged him with a crime of domestic violence, specifically, making threatening phone calls.[1] In a letter to the Town dated March 29, 2006, Appellant admitted that he had been arrested the preceding November but that he "did not consider this domestic matter as qualifying to be a criminal offense." The Town thereafter denied Appellant's application, finding that he had made a material misstatement on his application for renewal within the meaning of G.L. 1956 § 5-5-6(4).
 Discussion
Rhode Island General Laws 1956 § 42-35-15 provides this Court with the specific authority to review decisions of administrative agencies. Under § 42-35-15(g), this Court has the power to affirm, reverse or remand an agency's decision. In conducting its review, "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." G.L. 1956 § 42-35-15(g). This Court may only reverse or modify an agency's decision
 if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the statutory authority of the agency; *Page 3 
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Id.
When reviewing an administrative agency's factual findings, this Court "must uphold the agency's conclusions when they are supported by legally competent evidence on the record." Interstate Navigation Co. v. Divisionof Public Utilities and Carriers of R.I., 824 A.2d 1282, 1286 (R.I. 2003). In short, if an agency has applied the law correctly and an examination of the record reveals that the agency's decision is supported by some credible or competent evidence, this Court shall not disturb the agency's determination.
Turning to the instant case, G.L. 1956 § 5-5-6 states in pertinent part that "the local licensing authority shall deny the application for or renewal of [a private detective] license if it finds that the applicant . . . [m]akes a material misstatement in the application for or renewal of a license" (emphasis added). The use of the word "shall" indicates that this provision is mandatory in nature. If the licensing authority determines that an applicant has made a material misstatement, it does not possess the discretion to renew such license but is required to deny the application for renewal. As such, the only question before this Court is whether the Town had any competent evidence before it to find that Appellant had made a material misstatement on his application for renewal. If this Court finds that the Town did have such evidence before it, the Town's decision must be affirmed.
After a thorough examination of the entire record, this Court finds that the Town's decision to deny Appellant's renewal application was based on competent evidence. *Page 4 
Specifically, the Town had before it evidence that Appellant stated in his application that he had not been arrested within the past five years when in fact he had been arrested on November 7, 2005, just three months prior to the date of his application. That the charge was later dismissed — and the record of Appellant's arrest expunged — is irrelevant to the issue of materiality. The question at issue here asks only whether the applicant had been arrested for any criminal charge.
A statement is material when it is "of such a nature that knowledge of the item would affect a person's decision-making process; significant; essential." Black's Law Dictionary, 8[th] Edition(2004). Here the misstatement is material as an applicant is specifically required to state whether or not he or she had been arrested within the previous five years. Clearly, the answer will affect the Town's decision-making process that could have resulted in Appellant's being licensed to make "inquiries into unsolved crimes," conduct "clandestine surveillance," and search for missing persons and lost or stolen property. G.L. 1956 § 5-5-2(5). This Court therefore finds that the Town properly concluded that Appellant's failure to disclose his previous arrest was a material misstatement within the meaning of G.L. 1956 § 5-5-6 and provided grounds for denying Appellant's renewal application.
In addition, Rhode Island General Laws 1956 § 5-5-3(6) states that for an individual to be eligible for a private detective license, he or she must "[b]e of good moral character." Rhode Island has established stringent requirements for individuals desiring to work as private detectives because such individuals are permitted to engage in activities that are forbidden to other citizens. See G.L. 1956 §5-5-2(5). That there is a strong public interest in ensuring that the state licenses only those individuals who are of *Page 5 
the highest moral fiber is evident from the provisions of G.L. § 5-5-5, requiring an investigation into the "good character, competency, and integrity of the applicant." Lying on the application for renewal of one's private detective license certainly bears upon this threshold requirement, providing the Town with additional grounds for denying Appellant's renewal application.[2]
 Conclusion
Accordingly, this Court is satisfied that the Town's decision to deny Appellant's application for renewal of his private detective license was supported by ample competent evidence that Appellant had made a material misstatement on such application in violation of G.L. 1956 § 5-5-6(4). This Court finds that the Town's decision was not clearly erroneous, arbitrary and capricious, or an abuse of discretion. Substantial rights of Appellant have not been prejudiced. The Town's decision is therefore affirmed.
Counsel shall submit an appropriate order consistent with this Decision.
[1] The letter indicates the date of arrest as November 7, 2006. Upon examination of the entire record, this Court finds the indicated date to be a typographical error and that the correct date of Appellant's arrest is November 7, 2005.
[2] This Court also notes that the Town had an alternative basis on which to deny Appellant's application under G.L. 1956 § 5-5-6(4). The statement contained within the letter to the Town from J. David Smith, Chief of Police of Narragansett, that Appellant's record "reflects that his license to carry a concealed weapon has been revoked effective January 21, 2006," constitutes competent evidence that Appellant's license had in fact been revoked. As such, this Court finds that the Town could have found that Appellant made an additional material misstatement on his application for renewal when he stated that he was licensed to carry firearms in the State of Rhode Island.